COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER TO REINSTATE

| | |
|---|---|
| Appellate case name: | Hira Azhar v. Mohammad Ali Choudhri |
| Appellate case number: | 01-20-00169-CV |
| Trial court case number: | 2015-36895 |
| Trial court: | 312th District Court of Harris County, Texas |

On September 22, 2022, we granted Appellee Mohammad Ali Choudhri's appellate counsel's motion to withdraw and continue the case deadlines. We further removed the case from this Court's oral argument and submission docket, suspended the supplemental briefing deadlines set by this Court's September 1, 2022 order, and abated the appeal to allow Choudhri time to secure new counsel. We reserved the right to reinstate this case upon our own motion and notified the parties that the supplemental briefing on the issues identified in this Court's September 1 order would be due, on behalf of both Appellant Hira Azhar and Choudhri, within 30 days from the date of reinstatement. On December 6, 2022, attorney Gregg J. Costa of Gibson, Dunn & Crutcher, LLP, filed a notice of appearance on behalf of Choudhri.

On January 27, 2023, Azhar filed a motion to reinstate this appeal citing Choudhri's appearance of counsel. Accordingly, we **grant** Azhar's motion to reinstate and reinstate this appeal on this Court's active docket. The parties are ordered to file supplemental briefing on the issues identified below. Both Azhar and Choudhri's supplemental briefs shall be due no later than **30 days from the date of this order**, or **Thursday, March 2, 2023**. The supplemental briefing should be limited to the identified issues and may not, without leave of court, be longer than 5,000 words if computer-generated and 15 pages if not.

1. Has there been a determination of ownership of marital property made by any court in any jurisdiction?

2. Has there been a division of marital property made by any court in any jurisdiction?

3. Did the Pakistani courts have jurisdiction to divide marital property located in Texas?

4. If there has been no division of martial property, and assuming Appellant's property division claims under Chapter 9 of the Family Code are barred by res judicata, who holds title to the marital property? What effect does a finding that Appellant's Chapter 9 property division claims are barred by res judicata have on the ownership of the marital property?

5. Assuming Appellant's property division claims under Chapter 9 of the Family Code are barred by res judicata, would Appellant be prohibited from pursuing separate partition claims under Chapter 23 of the Property Code as a tenant in common?

After receipt of the supplemental briefing, the Court will determine whether and when to reset this case for submission on the briefs or for oral argument in accordance with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 39.1, 39.7, 39.8.

It is so ORDERED.

Judge's signature: /s/ Amparo Guerra
☒Acting individually     ☐ Acting for the Court

Date: January 31, 2023